FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 17, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. LEOBARDO VICENTE-VASQUEZ, Defendant. | No. 1:19-CR-02030-SMJ  **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS INDICTMENT** |

On October 3, 2019, the Court heard oral argument on Defendant's Motion to Dismiss Indictment, ECF No. 25. At the conclusion of the hearing, the Court ruled orally, granting the motion. This order memorializes and supplements the Court's oral ruling.

**BACKGROUND**

Defendant Leobardo Vicente-Vasquez is charged with one count of illegal reentry into the country after previously being removed, in violation of 8 U.S.C. § 1326. He moves to dismiss the indictment because he argues the predicate order of expedited removal was fundamentally unfair. ECF No. 25 at 1.

Defendant is a twenty-year-old alleged citizen of Mexico. ECF No. 23 at 2. Defendant obtained a sixth-grade education in Mexico, and although he reads and

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS INDICTMENT - 1

speaks both Spanish and Mixteco, his primary language is Mixteco. *Id.* at 13. On December 2, 2017, Border Patrol agents encountered Defendant near the Arizona-Mexico border. *Id.* at 3. Defendant states that he told the agents he spoke Mixteco, but they spoke to him in Spanish. ECF No. 25 at 3. Defendant was selected for the expedited removal process, in which the investigating Border Patrol agent processes the alien, determines removability, and if appropriate, enters the order of removal. *See* 8 C.F.R. § 235.3(b).

If, on encountering a suspected inadmissible alien near the border, an immigration agent believes the alien is eligible for expedited removal, the agent "shall advise the alien of the charges against him … on form I-860, … and the alien shall be given an opportunity to respond to those charges" in a sworn statement. 8 C.F.R. § 235.3(b)(2)(i). Before questioning the alien to determine admissibility, the agent must recite certain warnings pre-printed on form I-867A. 8 C.F.R. § 235.3(b)(2)(i); ECF No. 25-4 at 1. The agent then interviews the alien and records the alien's responses on form I-867A, captioned "Record of Sworn Statement." ECF No. 25-9 at 2. The border agent must then "have the alien read (or have read to him []) the statement, and the alien shall sign and initial each page." 8 C.F.R. § 235.3(b)(2)(i). The alien must also sign form I-867B, the "Jurat," attesting that he reviewed his recorded statement for accuracy. If the border agent then enters an order of removal, the alien must sign the back of form I-860 to acknowledge receipt

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS INDICTMENT - 2

of the order. 8 C.F.R. § 253.3(b)(2)(i). The alien is then removed. 8 U.S.C. § 1225(b)(1)(A)(i).

Border Patrol agent Wilson Hernandez, who testified at the hearing, conducted the expedited removal process in Defendant's case. *Id.* Agent Hernandez first recited, in Spanish,[1] the warnings on form I-867A. ECF No. 25-4 at 1. *Id.* Agent Hernandez then questioned Defendant about his authorization to enter the country. *Id.* Defendant's responses were recorded on form I-867A, which totaled three pages. ECF No. 25-4 at 1–3. Defendant initialed each page. *Id.* He then signed form I-867B, the "Jurat," attesting that: "I have read (or have had read to me) this statement, consisting of : _1_ pages (including this page)." ECF No. 25-5 at 1. Agent Hernandez testified that his general practice while questioning an alien is to repeat each of the alien's answers as he electronically records them on form I-867A. He further testified that after questioning is completed, he prints the form I-867A and directs

---

[1] Defendant claims that Agent Hernandez did not speak Spanish well, that he "had difficulty understanding and communicating" with Agent Hernandez, and that it appeared Agent Hernandez "had difficulty understanding" Defendant. ECF No. 25-2 at 2. Defendant also claims he told Agent Hernandez that he "did not understand him very well," and that Agent Hernandez "said that was okay and kept questioning" him. *Id.* At the hearing, Agent Hernandez testified that Spanish is his first language, which he learned to speak during his youth in Puerto Rico. ECF No. 26 at 3. The undersigned, who is fluent in Spanish, asked Agent Hernandez to recite the warnings from form I-867A in Spanish, as he would have to Defendant. The undersigned finds that while Agent Hernandez speaks Spanish fluently, his thick Puerto Rican accent could make it more difficult for a Spanish-speaker from southern Mexico to understand him at times, particularly when explaining complicated or technical concepts.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS INDICTMENT - 3

the alien to initial each page. Agent Hernandez testified he does not read the contents of the printed form to the alien, but tells them it contains the answers they previously gave.

Based on Defendant's responses, Agent Hernandez determined that he was inadmissible and prepared the order of removal, form I-860. ECF No. 25-1. The Government contends that Agent Hernandez prepared two copies of the I-860, and the Government's response to Defendant's motion includes a version of form I-860, apparently prepared in Defendant's case, bearing a signature on the back, ECF No. 26-1.[2] ECF No. 26 at 3.

Defendant was removed to Mexico the same day. ECF No. 25 at 6. On February 22, 2019, immigration officials encountered Defendant at the Yakima County jail. *Id.* On June 11, 2019, he was indicted for illegal reentry. ECF No. 1.

## LEGAL STANDARD

A defendant charged with illegal reentry under § 1326 may defend by collaterally attacking the validity of the underlying removal order. *United States v. Raya-Vaca*, 771 F.3d 1195, 1201 (9th Cir. 2014); 8 U.S.C. § 1326(d). When the

---

[2] Defendant contends that he never signed the back of form I-860, as required by the applicable regulations. *See* 8 C.F.R. § 253.3(b)(2)(i). Because the Court grants the relief sought on independent grounds, it expresses no view as to the merit of this argument.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS INDICTMENT **-** 4

Defendant was removed through expedited proceedings,[3] he can prevail by showing that entry of the removal order was fundamentally unfair. *Id.* at 1202; 8 U.S.C. § 1326(d). Fundamental unfairness means that the removal proceedings violated the alien's due process rights, and that those violations resulted in prejudice. *Raya-Vaca*, 771 F.3d at 1202.

A defendant may establish prejudice by showing that, but for the due process violation, there were "plausible grounds for relief" from the removal order. *Id*. One form such relief can take is the border agent's discretionary decision to permit the alien to "withdraw" his application for admission to the country implied from his presence at the border, known as granting the alien "withdrawal." *Id* at 1206, 1210. (citing 8 U.S.C. § 1225(a)(4)).

Relief from removal need not be established to a certainty—only shown to be "plausible"—although the alien cannot prevail by showing a mere "theoretical possibility" that relief would have been granted. *Id.* at 1207. To assess the plausibility of withdrawal being granted, Courts look to the factors given to immigration officials to guide their decision-making:

---

[3] An alien removed through non-expedited proceedings must also show that he exhausted available administrative remedies, and that the removal "improperly deprived [him] of the opportunity for judicial review." *Raya-Vaca*, 771 F.3d at 1201–02. Because expedited removal affords the alien no opportunity for either administrative or judicial review, these elements of a collateral attack under § 1326(d) are inapplicable, and a defendant must show only fundamental unfairness. *Id.*

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS INDICTMENT - 5

(1) the seriousness of the immigration violation;
(2) previous findings of inadmissibility against the alien;
(3) intent on the part of the alien to violate the law;
(4) ability to easily overcome the ground of inadmissibility;
(5) age or poor health of the alien; and
(6) other humanitarian or public interest considerations.

*Id.* at 1207. Withdrawal should ordinarily not be permitted "in situations where there is obvious, deliberate fraud on the part of the applicant." *Raya-Vaca*, 771 F.3d at 1207 (citing *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1091 (9th Cir. 2011)).

## DISCUSSION

Defendant argues the order of expedited removal was fundamentally unfair because he was not given an opportunity to review the statements he allegedly made to Agent Hernandez prior to being removed. Defendant testified that Agent Hernandez did not read or translate the contents of form I-867A to him after it was printed, but simply "handed [him] those papers to sign." ECF No. 25-2 at 3–4. This account was largely confirmed at the hearing, where Agent Hernandez testified that his general practice is to repeat an alien's answers as he electronically records them on form I-867A, but not to review those responses with the alien after the form is printed. The Court must therefore determine if this sequence amounts to a due process violation, and if so, whether it resulted in prejudice to Defendant.

## A. Due Process Violation

The Court must first determine if the failure to review the completed form I-867A with Defendant prior to removal was a violation of his right to due process. At oral argument, the Government contended that § 253.3(b)(2)(i), which dictates that the agent "shall read (or have read) to the alien all information contained on Form I–867A," refers only to the warnings pre-printed on that form. *See* ECF No. 25-4 at 1. As an initial matter, this argument is undermined by the regulation's text, which speaks to "*all* information" contained on the form.

The Government's interpretation is also inconsistent with the surrounding text of the same regulation, which provides that:

> Following questioning and recording of the alien's statement . . . the examining immigration officer shall record the alien's response to the questions contained on Form I–867B, and have the alien read (or have read to him or her) the statement, and the alien shall sign and initial each page of the statement and each correction.

8 C.F.R. § 253.3(b)(2)(i). Moreover, form I-867B, tilted "Jurat *for* Record of Sworn Statement," contains a signature line where the alien attests that he "ha[s] read (or ha[s] had read to me) this statement." *See* ECF No. 25-5 (emphasis added). Taken together, these references to the alien's "statement" plainly refer to the question-and-answers contained on form I-867A, which the alien must be given a chance to review prior to removal.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS INDICTMENT - 7

If the attestation clause on form I-867B in this case indicated that Defendant *had reviewed* all four pages of his responses to Agent Hernandez's questions (three pages of the I-867A and the one-page I-867B), the Court would have no trouble concluding that Defendant was provided such an opportunity. *See* ECF No. 25-5 at 1. But form I-867B only indicates that Defendant was allowed to review that one-page document. *Id.* ("I have read (or have had read to me) this statement, consisting of __1__ pages (including this page)."). And Agent Hernandez made clear that Defendant's initials on each page of the form I-867A do not mean that Defendant reviewed each page after it was printed—rather, Agent Hernandez testified that he simply directs aliens to initial after assuring them that the form contains the statements they made earlier.

This practice of failing to review the contents of the printed form I-867A is inconsistent not only with the plain command of the regulation, but also its apparent purpose of ensuring that an alien can correct any miscommunications prior to being removed. *See* 8 C.F.R. § 253.3(b)(2)(i) ("[T]he alien shall sign and initial each page of the statement and each correction"). This small safeguard against erroneous removal decisions is especially important in the expedited removal process, where the record of the alien's alleged responses is essentially the *only* record of the proceedings, and where no opportunity for direct judicial or administrative review is available. And in a case such as this, where Agent Hernandez knew—or at least

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS INDICTMENT - 8

should have known—that a language barrier might frustrate clear communication, his decision to disregard the regulatory requirements is all the more unjustified.

Furthermore, this result follows directly from the Ninth Circuit's holding in *Raya-Vaca*. *See* 771 F.3d at 1205. There, like in this case, the Defendant was subject to expedited removal and later charged with illegal reentry. *Id.* at 1205. He collaterally attacked the predicate removal order and testified that he was not given an opportunity to review his sworn statement. *Id.* Although Defendant signed the form I-867B, his attestation indicated only that he had reviewed that one-page document and thus, there was no documentary evidence to establish that he reviewed the statements he allegedly made. *Id.* The Government presented no evidence to the contrary. *Id.* The Ninth Circuit held:

> Taking into consideration [Defendant]'s declaration, the error on the Jurat, and the Government's failure to contest [Defendant]'s allegations, we hold that the immigration officer failed . . . to permit him to review the [form I-867A], in contravention of [Defendant]'s due process rights.

*Id.*

The only difference between *Raya-Vaca* and the case at bar, it appears, is that there the Government merely failed to dispute that the Defendant was allowed to review the completed form I-867A, whereas in this case Agent Hernandez expressly testified that he does not offer aliens that opportunity. Accordingly, the Court finds that Defendant was not given an opportunity to review the contents of his sworn

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS INDICTMENT **-** 9

statement prior to being removed. *See also United States v. Huazo-Garcia*, Case 2:18-cr-00056-SMJ, ECF No. 35 at 7. This, considered in light of Defendant's testimony that he had significant difficulty understanding Agent Hernandez due to a language barrier, amounted to a violation of Defendant's right to due process.

**B.    Prejudice**

Because the Court finds that the order of removal was entered in violation of Defendant's right to due process, it must also consider whether the violation resulted in prejudice. *Raya-Vaca*, 771 F.3d at 1202–06. Defendant argues that, but for Agent Hernandez's failure to allow him to review his alleged statements, it was plausible that he would have been permitted to withdraw his application for admission. ECF No. 25 at 17–23.

On the one hand, Defendant is young and in good health, factors which undermine the plausibility of withdrawal. *Raya-Vaca*, 771 F.3d at 1208. However, there is no evidence that Defendant committed fraud in attempting to enter the country without authorization, and he has some ties to the country in family members that reside here. ECF No. 25 at 21. Moreover, at the time of his removal, Defendant had little to no criminal or immigration history, while the Defendant in *Raya-Vaca* had an extensive history of unauthorized reentry. 771 F.3d at 1208. Defendant's eligibility for withdrawal is thus similar to—or perhaps more favorable than—the Defendant in *Raya-Vaca*. Moreover, on similar facts in *Huazo-Garcia*,

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS INDICTMENT **-** 10

this Court found withdrawal plausible. Case No. 2:18-cr-00056-SMJ, ECF No. 35 at 11. Accordingly, the Court finds that Defendant plausibly could have been granted withdrawal and has therefore demonstrated prejudice.

## CONCLUSION

Defendant has successfully shown that the order of removal underlying this prosecution was entered in violation of his right to due process because Agent Hernandez failed to allow him to review the statements he allegedly made prior to removal. And because Defendant has shown that he was a plausible candidate for withdrawal, he has demonstrated that the violation resulted in prejudice. Therefore, the removal order was fundamentally unfair, and the indictment must be dismissed.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss Indictment, **ECF No. 25**, is **GRANTED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this 17th day of October 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS INDICTMENT - 11